# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CSWS, LLC., </br>     Plaintiff, </br> </br>     v. </br> </br> LISA MADIGAN, Attorney General of the </br> State of Illinois and ANITA ALVAREZ </br> State's Attorney of Cook County, Illinois, </br>     Defendants. | 08 C 7059 |

## MEMORANDUM AND ORDER

This suit is the second chapter in the saga of plaintiff CSWS, LLC's effort to operate an adult entertainment facility in Bedford Park. CSWS first successfully challenged the constitutionality of Bedford Park's adult entertainment zoning ordinance and obtained a settlement that authorized it to open its establishment. *CSWS LLC v. Village of Bedford Park*, No. 05 C 2913 (N.D. Ill.) (Gettleman, J.). Heartened by the settlement, CSWS purchased a piece of property in Bedford Park and began construction.

The Illinois General Assembly then passed a law forbidding new adult entertainment establishments from opening if they are located within one mile of the boundaries of certain facilities, such as schools and cemeteries. 65 ILCS § 11-5-1.5. Unfortunately for CSWS, its establishment fell within the ambit of the new law, so Bedford Park declined to issue licenses and permits necessary to allow CSWS to proceed.

In response, CSWS sued Illinois Attorney General Lisa Madigan and Cook County State's Attorney Anita Alvarez in their official capacities. CSWS seeks a declaratory judgment finding that 65 ILCS § 5/11-5-1.5 is unconstitutional (Count I) and a permanent injunction preventing the defendants from enforcing 65 ILCS § 5/11-5-1.5 (Count II). Contending that they

are the wrong defendants, Madigan and Alvarez filed motions to dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6), respectively. For the following reasons, their motions to dismiss are granted.

## I. Madigan's Motion to Dismiss

According to CSWS, Madigan, the Illinois Attorney General, is a proper defendant because one of her duties is to enforce state laws. In response, Madigan asserts that CSWS lacks standing because she has never prosecuted or threatened to prosecute it. Alternatively, she contends that the claims against her are barred by the Eleventh Amendment.

### A. Standard for a 12(b)(1) Motion to Dismiss

Madigan's Rule 12(b)(1) motion to dismiss based on CSWS's alleged lack of standing is based on legal arguments, so there are no contested jurisdictional facts at issue. For the purposes of Madigan's motion to dismiss, the court will thus consider whether the complaint includes allegations that show that "it is plausible, rather than merely speculative, that [it] is entitled to relief." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (internal quotations and citations omitted).

### B. Standing

Madigan contends that CSWS lacks standing to pursue claims against her, asserting that CSWS cannot claim that she has ever prosecuted or threatened to prosecute it under § 65/5-11-5-1.5. CSWS, on the other hand, contends that Madigan is a proper defendant because she is the Illinois Attorney General and as such, is responsible for enforcing Illinois laws.

To show that standing is proper, CSWS must first show that it suffered "an injury in fact, which is an invasion of a legally protected interest that is concrete and particularized and, thus, actual or imminent, not conjectural or hypothetical." *Lee v. City of Chicago*, 330 F.3d 456, 468

(7th Cir. 2003), *citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The parties focus on this aspect of standing. Madigan contends that CSWS has not suffered any injury attributable to her because she has not threatened to prosecute CSWS under § 65/5-11-5-1.5. CSWS, however, correctly notes that it did suffer an injury: the enactment of the allegedly unconstitutional statute. This caused Bedford Park to decline to issue permits and licenses, which in turn caused construction to grind to a halt.

The rub with this injury, from a standing perspective, is that CSWS has not alleged any connection between Madigan and § 65/5-11-5-1.5. This is problematic because besides injury-in-fact, another critical element of standing is the existence of a causal relationship between a plaintiff's injury and the challenged conduct that is sufficient to fairly link the injury to the defendant's actions. *See id.*; *see also* Erwin Chemerinsky, *Federal Jurisdiction* § 2.3 at 60 (5th ed. 2007) (the court may only adjudicate a claim if the plaintiff shows that it "has suffered or imminently will suffer an injury" that is "fairly traceable to the defendant's conduct").

This aspect of standing dooms CSWS's claims against Madigan (as well as Alvarez, although she does not challenge CSWS's standing to proceed against her) because the complaint contains no allegations that link the enactment of the allegedly unconstitutional statute (the relevant harm that caused Bedford Park to decline to issue permits and licenses to CSWS) to either of the currently named defendants, and the parties agree that Madigan has no present plans to prosecute CSWS. The court thus agrees that the complaint as currently drafted fails to show that CSWS has standing to proceed directly against Madigan. This conclusion is equally applicable to Alvarez.

In some respects, this ruling represents an exercise in futility, as it appears that Bedford Park is the entity that directly caused harm to CSWS. If it were to be the only defendant, Rule

5.1 of the Federal Rules of Civil Procedure – which requires a plaintiff challenging the constitutionality of a state statute to notify the State Attorney General so she can decide whether to intervene – would come into play. Fed. R. Civ. P. 5.1. This would likely bring Madigan back into this action, but not as a named defendant. The court will not engage in further speculation, however, and leaves it to CSWS to sort out the identity of the proper defendant(s), consistent with this order.

### C. The Eleventh Amendment

Madigan also argues that the Eleventh Amendment to the United States Constitution bars suit against her in her official capacity as Illinois Attorney General. As noted above, CSWS lacks standing because it is not alleged that Madigan ever threatened to prosecute it or that there was a causal relationship between the enactment of the allegedly unconstitutional statute and actions taken by Madigan. Nevertheless, the court will consider the parties' arguments about the Eleventh Amendment because this may help streamline further proceedings.

Generally, official capacity suits against state actors are barred by the Eleventh Amendment. Erwin Chemerinsky, *Federal Jurisdiction* § 7.5 at 434. Individual state defendants may nevertheless be subject to suit under the exception to Eleventh Amendment immunity set forth in *Ex parte Young*, 209 U.S. 123 (1908). That exception applies if: (1) the state officials have "some connection with the enforcement of the act in question"; and (2) the state officials "threaten and are about to commence proceedings, either of a civil or criminal nature, to enforce against parties affected [by] an unconstitutional act." *Id*. at 158.

According to Madigan, her general powers to enforce Illinois law does not give her any special connection with the enforcement of § 65/5-11-5-1.5. The problem with this argument is that although the statute does not specifically direct Madigan to enforce it, Madigan does not

point to any other state official who could defend the constitutionality of § 65/5-11-5-1.5. *See Entertainment Software Ass'n v. Blagojevich*, 469 F.3d 641, 645 (7th Cir. 2006) (Attorney General's ability to enforce a law satisfies the "some connection" requirement of *Ex parte Young*). This is all, however, beside the point as Madigan has not threatened to sue CSWS based on § 65/5-11-5-1.5. Moreover, based on the allegations in the complaint, she will never do so as Bedford Park (who is not named as a defendant) has essentially blocked CSWS from building its planned adult erotic entertainment facility, and thus prevented CSWS from being in a position where it could have a colorable chance of violating the statute.

As noted above, this court cannot sort out CSWS's procedural tangle in terms of how to proceed with its challenge to the constitutionality of § 65/5-11-5-1.5: it must do so itself. The lack of any recognizable threat of prosecution by Madigan against CSWS, however, presents a serious Eleventh Amendment problem for CSWS under the *Ex parte Young* exception to Eleventh Amendment immunity in terms of Madigan being named as a defendant. Standing problems aside, therefore, the present allegations against Madigan are insufficient to allow the complaint to proceed directly against her. Madigan's motion to dismiss is thus granted.

**II.      Defendant Alvarez's Motion to Dismiss**

CSWS contends that Anita Alvarez, who is the Cook County State's Attorney, is a proper defendant because "she is charged with enforcing all laws of the State of Illinois within Cook County" pursuant to 55 ILCS § 5/3-9005, which sets forth the duties of the State's Attorney.

*See* Complaint at ¶ 4.[1] Alvarez disagrees, arguing that § 5/11-5-1.5 does not contain any provisions directing the State's Attorney to enforce the statute.

### A. Standard for a 12(b)(6) Motion to Dismiss

A plaintiff's complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief" and "fair notice" of the plaintiff's claims and the basis for those claims. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Moreover, the court must assume the truth of all well-pleaded facts, construing the allegations liberally and viewing them in the light most favorable to the plaintiff. *See, e.g., McMath v. City of Gary*, 976 F.2d 1026, 1031 (7th Cir. 1992).

### B. Claims Against Alvarez

According to CSWS, Alvarez is a proper defendant in an action challenging the constitutionality of § 5/11-5-1.5 because she is charged with enforcing all of the laws of the State of Illinois. In support, CSWS points to three of the duties enumerated in 55 ILCS § 5/3-9005, which lists the State's Attorneys duties.

Specifically, CSWS asserts that paragraph 4 of the Prescribed Duties means that Alvarez is a proper defendant, arguing that she is required to defend actions brought against the State of Illinois. Paragraph 4 provides that the State's Attorney shall "[d]efend all actions and proceedings brought against his county, or against any county or State officer, in his official capacity, within his county." 55 ILCS § 5/3-9005(4). First, contrary to CSWS's characterization of the defendants, the State is not named as a defendant. Second, the statute addresses the

---

[1] The complaint actually erroneously cites to a provision of the Illinois Mental Health Code, but CSWS clarified its position in its response to Alvarez's motion to dismiss. Generally, it is improper to amend a complaint in a response to a motion to dismiss. Nevertheless, in the interests of efficiency, the court will address CSWS's current argument on the merits.

State's Attorney's obligation to defend suits against county and State officers. It does not provide that the State's Attorney herself is a suable defendant in a case of this nature. Finally, even if Lisa Madigan is a State officer for purposes of this section, she is already represented, and any duty of the State's Attorney to defend the Illinois Attorney General is not germane to the question of whether the State's Attorney is a proper defendant in this case. Thus, CSWS's reliance on paragraph 4 is unavailing.

CSWS next directs the court's attention to paragraph 7 of the Prescribed Duties, which provides that one of the State's Attorney's duties shall be "[t]o give his opinion, without fee or reward, to any county officer in his county, upon any question or law relating to any criminal or other matter, in which the people of the county may be concerned." 55 ILCS § 5/3-9005(7). CSWS has pointed to no authority indicating that the State's Attorneys' obligation to provide advice to county officers requires her to defend the constitutionality of a state statute.

Finally, CSWS contends that paragraph 8 of the Prescribed Duties supports its position. Paragraph 8 provides that the State's Attorney must:

> assist the attorney general whenever it may be necessary, and in cases of appeal from his county to the Supreme Court, to which it is the duty of the attorney general to attend, he shall furnish the attorney general at least 10 days before such is due to be filed, a manuscript of a proposed statement, brief and argument to be printed and filed on behalf of the people, prepared in accordance with the rules of the Supreme Court. However, if such brief, argument or other document is due to be filed by law or order of court within this 10 day period, then the State's Attorney shall furnish such as soon as may be reasonable.

55 ILCS § 5/3-9005(8).

Again, CSWS has failed to cite to any authority suggesting that the State's Attorney's duty to assist the Attorney General means that the State's Attorney is required to defend the constitutionality of a state statute.

In sum, CSWS has not pointed to any authority supporting its claim that Alvarez is a proper party. Alvarez's motion to dismiss is, therefore, granted.

### III.    Conclusion

For the reasons stated above, the motions to dismiss filed by Madigan [#19] and Alvarez [#7] are granted. CSWS may file an amended complaint by July 21, 2009, that, consistent with this order, either demonstrates that Madigan and/or Alvarez are proper defendants or names new defendants.

DATE:   June 24, 2009
_____

Blanche M. Manning
United States District Judge